UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO CHARLES COGGINS,

                Plaintiff,

-against-

297 LENOX REALTY CO., et al.,

                Defendants.

**MEMORANDUM & ORDER**

**92-CV-6125 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff's *pro se* motion for reconsideration is DENIED with prejudice as it is 1) untimely and 2) barred by the Second Circuit's decision in this case.

The standard for granting a Rule 60(b) motion for reconsideration is "strict." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). The decision to grant or deny such a motion rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

In a *pro se* case, courts liberally construe the *pro se* party's pleadings "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). Reading the motion in this way, the court construes Plaintiff's arguments as arising under Rule 60(b)(1) as judicial mistake. Under this interpretation, the court determines that Plaintiff's motion is untimely and barred by the Second Circuit's affirmation of Judge Raggi's decision granting summary judgment.

First, Plaintiff's motion is not timely. Although Plaintiff's *pro se* motion is held to "less stringent standards than formal pleadings drafted by lawyers," he must still comply with relevant procedural rules and substantive law. *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The time limits governing a motion for reconsideration are plainly "procedural requirements that must be observed" by a pro se litigant. *See United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993). Rule 60(c)(1) states that any motion under Rule 60(b) must be made within a reasonable time— and for Rule 60(b)(1), (2), and (3) no more than a year after the entry of the

judgment or order or the date of the proceeding. Since Plaintiff appears to claim mistake, under Rule 60(b)(1), this motion must have been brought no more than a year after entry of judgment. This motion, however, was filed roughly 29 years after the matter was closed. *See Hill v. Tisch*, No. 2:02-CV-3901 (NJC) (AYS), 2025 WL 2004462, at *3 (E.D.N.Y. July 17, 2025) (explaining that a two year delay was sufficient to deny a motion for reconsideration as untimely), *reconsideration denied*, No. 2:02-CV-3901 (NJC) (AYS), 2025 WL 2024520 (E.D.N.Y. July 20, 2025). Thus, the motion is untimely and is denied on this basis.

Second, even if the court did have the ability to consider the content of the filing, another bar emerges: the Second Circuit's affirmation of Judge Raggi's ruling. (Mandate of the Second Circuit, Dated 5/2/97 (Dkt. 109).) "A trial court may not reconsider or modify any of its prior decisions that have been ruled on by an appellate court in the same case." *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006); *see also United States v. Patasnik*, 166 F.3d 1202 (2d Cir. 1998) (affirming the district court's declination of reconsideration of a Second Circuit holding in that case). As the Second Circuit affirmed Judge Raggi's decision granting Defendants summary judgment, the court cannot reconsider this motion, and thus also denies reconsideration on this basis. *See Burrell*, 467 F.3d at 165.

The motion for consideration is therefore DENIED with prejudice. The Clerk is respectfully directed to terminate the pending Motion and close the case. (*See* Dkt. 110.) SO ORDERED.

SO ORDERED.

Dated:   Brooklyn, New York
         October 23, 2025

                                              s/Nicholas G. Garaufis
                                              ───────────────────
                                              NICHOLAS G. GARAUFIS
                                              United States District Judge

2